UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAURA J. RODGERS,

    Plaintiff,

vs.                                     Case No. 3:25-cv-549-MMH-SJH

MATTHIESEN, WICKERT &
LEHRER, S.C. CORP.,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand (Doc. 9; Motion) filed on May 23, 2025, and Defendant's Response to Jurisdictional Order (Doc. 16; Response to Order) filed on June 5, 2025. Defendant filed its Response and Memorandum of Law in Opposition to the Motion (Doc. 17; Response to Motion) on June 5, 2025. Accordingly, the Motion is ripe for consideration.

On May 16, 2025, Defendant removed this action from state court. See Notice of Removal (Doc. 1; Notice). In the Notice, Defendant asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. See id. at ¶ 1. However, upon review of the Notice and the attached Complaint (Doc. 5; Complaint), the Court was unable to determine whether it

has diversity jurisdiction over this action because Defendant inadequately alleged Plaintiff's citizenship and failed to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000. As a result, on May 22, 2025, the Court entered an Order (Doc. 8; Order) outlining the deficiencies of the Notice and directing Defendant to provide the Court with sufficient information so that it could determine whether it has diversity jurisdiction over this action. See Order. Then, on May 23, 2025, Plaintiff filed the Motion arguing that Defendant failed to establish the amount in controversy. See generally Motion. In Defendant's responses, Defendant adequately pleads Plaintiff's citizenship but again fails to allege facts sufficient to plausibly demonstrate that the amount in controversy exceeds $75,000. Therefore, this case is due to be remanded to state court.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). As the Supreme Court has explained, a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. LLC v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also

Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754. In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.

Here, Defendant argues that several pieces of evidence furnish the Court with sufficient information to find that the amount in controversy exceeds $75,000. See Response to Order; Response to Motion. Defendant first relies on two pre-suit demand letters sent by Plaintiff. See Response to Order at ¶¶ 16–17; Response to Motion at 6–7. In determining whether the amount in controversy has been met following removal, a court may consider settlement or demand letters. See AAA Abachman v. Stanley Steemer Intern., Inc., 268 F. Appx. 864, 866 (11th Cir. 2008); see also Ralph v. Target Corp., No. 6:09-cv-1328-Orl-19KRS, 2009 WL 3200680, at *2–3 (M.D. Fla. Sept. 30, 2009) (finding

a demand letter for $100,000 constituted "legally certain evidence" that a plaintiff sought more than $75,000).[1] Yet, if the demand is made prior to suit, a court may refuse to credit the sum demanded if it does not correlate to the plaintiff's damages. See Burns v. Ford Motor Co., No. 2:08-cv-352-FtM-29SPC, 2008 WL 4791111, at *2 (M.D. Fla. Oct. 31, 2008) (noting that a pre-suit demand letter could reflect posturing for settlement instead of an honest assessment of damages); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (stating that a proposed settlement amount is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim) (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)); Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (distinguishing between settlement offers that "reflect puffing and posturing" from those that provide specific information to suggest that the letter offers a reasonable assessment of the value of the claim). Notably, settlement offers alone are not determinative of the amount in controversy. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). The Court also notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Defendant argues that Plaintiff's July 18, 2024 demand letter establishes that the amount in controversy requirement is satisfied. See Response to Order at ¶ 16; Response to Motion at 6. In the July 18, 2024 letter, Plaintiff demanded nine months' severance, which would total $86,250. See Exhibit 1 (Doc. 17-1); Exhibit 3 (Doc. 17-3; Employee Compensation Agreement). However, this letter was sent before August 15, 2024, when Plaintiff obtained subsequent employment, thereby mitigating her damages. See Plaintiff's Initial Disclosures to State Court (Doc. 9-1; Initial Disclosures) at ¶ 2. As a result, the July 18, 2024 demand letter does not reflect Plaintiff's damages or reasonably estimate the value of Plaintiff's claims at the time of removal. Thus, the July 18, 2024 demand letter does not establish the amount in controversy in this action.

Next, Defendant points to a second demand letter sent on April 8, 2025. See Response to Order at ¶ 17; Response to Motion at 5. In her April 8, 2025 demand letter, Plaintiff requested only $60,000, well below the jurisdictional threshold. See Letter to Counsel (Doc. 9-2). While the letter does not include any facts supporting the amount requested, based on the information provided in Plaintiff's Motion and Defendant's responses, $60,000 appears to be an honest estimate of Plaintiff's damages. Indeed, Plaintiff was unemployed for approximately four and a half months, from April 3, 2024, to August 15, 2024. See Initial Disclosures at ¶ 2. Plaintiff's total salary loss for this period of unemployment equals $48,653. See id. According to Defendant, Plaintiff's year-

end bonus would have likely equaled $4,855.24. See Affidavit of Douglas W. Lehrer (Doc. 17-4; Affidavit) at ¶ 6. In addition, Plaintiff would have received employee benefits totaling $467.92 per month and a $50 monthly phone stipend. See Affidavit at ¶ 7. The value of Plaintiff's employee benefits, phone stipend, lost salary, and year-end bonus appears to total between $55,000 and $60,000. As such, $60,000 appears to be a reasonable estimate of the amount in controversy in this case.[2] But this amount fails to satisfy the amount in controversy required to establish subject matter jurisdiction.

Defendant also asserts that the Court should consider Plaintiff's request for noneconomic damages and for attorneys' fees in addition to her $60,000 demand. With regard to Plaintiff's request for noneconomic damages, Defendant fails to provide any specific information to support Plaintiff's indefinite request for noneconomic damages. Defendant states that "[s]uch damages, particularly in employment-related actions, can be substantial." Response to Order at ¶ 21; see also Response to Motion at 6–7. Without more evidence or specific allegations, the Court can only speculate as to what amount, if any, can be attributed to this request. Such speculation is impermissible.

With regard to Plaintiff's request for attorneys' fees, "[t]he general rule is

---

[2] In its responses, Defendant suggests that the amount of Plaintiff's benefits, year-end bonus, and phone stipend should be added to the $60,000 amount sought in Plaintiff's demand letter. See Response to Motion at 6–7; Response to Order at ¶¶ 18–20. Even if these amounts were added to the $60,000 amount provided in Plaintiff's demand letter, the amount in controversy would still fall short of the jurisdictional threshold.

that attorneys' fees do not count toward the amount in controversy unless they are allowed for by statute or contract." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n.4 (11th Cir. 2003). However, "[w]hen a statute authorizes the recovery of attorney's fees," as in this case, "a reasonable amount of those fees is included in the amount in controversy." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000). Nevertheless, the Eleventh Circuit has suggested that "when the amount in controversy substantially depends on a claim for attorney fees, that claim should [arguably] receive heightened scrutiny." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1080 n.10 (11th Cir. 2000). Additionally, in this Court's view, the amount of attorneys' fees to be included in a calculation of the amount in controversy includes only the amount of fees incurred as of the time of removal and does not include prospective amounts. See Shelly v. Target Corp., 446 F. Supp. 3d 1011, 1014 (S.D. Fla. 2019) ("The Court concludes that only those attorney's fees incurred as of removal are 'in controversy' within the meaning of 28 U.S.C. § 1332."); Oliva v. Geovera Specialty Ins. Co., No. 19-cv-23625, 2019 WL 4183582, at *3 (S.D. Fla. Sept. 4, 2019) (concluding that "the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal").

Here, Defendant argues that "it is reasonable to conclude that a significant amount of attorney's fees had been incurred by the time of removal"

because Plaintiff "retained counsel and began incurring legal fees nearly a year prior to the filing of her lawsuit." See Response to Order at ¶ 24; Response to Motion at 8. However, the simple fact that Plaintiff's counsel sent a letter to Defendant less than a year before filing the Complaint is wholly insufficient by itself for the Court to make any reasonable determination as to the amount of attorneys' fees incurred in this case. As a result, Defendant has failed to meet its burden in establishing the amount in controversy, and this action will be remanded to state court.[3]

The Court turns next to Plaintiff's request for an award of attorneys' fees and costs incurred as a result of Defendant's improper removal of this action. See Motion at 6–7. A court may award fees and costs incurred as a result of removal when it remands a case. 28 U.S.C. § 1447(c). However, it may do so "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In light of the representations presented in Plaintiff's demand letters and the availability of attorneys' fees in this case, the Court declines to find that Defendant lacked an objectively reasonable basis to seek removal of this action. Thus, Plaintiff's request for fees and costs will be denied.

---

[3] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 9) is **GRANTED, in part, and DENIED, in part**.

2. The Motion is **GRANTED** to the extent the Clerk of Court is directed to remand this case to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

3. The Motion is **DENIED** to the extent Plaintiff seeks an award of attorneys' fees and costs.

4. The Clerk of Court is further directed to terminate all pending motions and deadlines and close this file.

**DONE AND ORDERED** in Jacksonville, Florida on June 17, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc35

Copies to:
Counsel of Record
Clerk, Fourth Judicial Circuit